Smith, J.
Krug was the administrator of the estate of Freytag, dec’d. The plaintiff had a claim of $83 against the estate, which he presented, duly verified, to the administrator for allowance, who did allow it as a valid claim against the estate, and some time thereafter paid her $13 thereon; and the account was left by her with the administrator.
After this, the administrator represented to the probate court that the estate was probably insolvent, and at the same time filed, with his sworn statement, a list of the claims which had been allowed by him as valid claims against the estate, and among these, was that of the plaintiff in error. Thereupon the court declared the estate to be probably insolvent. No commissioners were appointed, and. the administrator was ordered to proceed according to law. He gave notice to the creditors to present their claims, as provided for in the statute. After the expiration of six months, he returned to the court a list of claims allowed by him, that of the plaintiff not being included. And the court having settled the account of the administrator, directed him to distribute the balance thus found in his hands, among the creditors whose claims had been allowed.
Before the estate was finally settled, the plaintiff caused a citation to issue against the administrator, to require him to pay her a dividend on her claim, and on a hearing thereof the probate court ordered him to do so. From this order the administrator appealed to the common pleas, and a hearing was there had, and on the evidence the court found against the plaintiff in error. A bill of exceptions containing all the evidence was taken, and the petition in error in this case filed.
From the bill of exceptions, in addition to the facts already stated, it appears that the plaintiff below testified that within two months after the estate was declared insolvent, she called upon the administrator with reference to her claim, and that he then again allowed it, and promised to make a payment thereon in a short time. The administrator testified that he did not recollect of ever seeing the plaintiff after the estate was declared insolvent, until after the six months had expired and he had made return of the claims allowed by him, and *46 did not think he had seen her as she stated. He further testified that he knew that the claim was a just and valid one, and no claim was made by him that he had ever notified her, after the estate was declared insolvent, that she must again present her claim or that it would not be allowed. On this state of facts the court
Held: That it was the duty of the administrator, under these circumstances, with the account in his possession, which had been' allowed by him, and the justice and validity of which he still acknowledged and admitted, to return said claim to the probate court as a valid claim against the insolvent estate, and that the same was entitled to share in the dividend declared. That if it be admitted that the administrator, acting either as administrator or as commissioner, had a right to retract or revoke an allowance of a claim theretofore made by him, yet good faith would require him to notify the claimant of such revocation, and if that was not done, she had a right to stand on the original allowance.
In Judge Swan’s Manual for Executors and Administrators, which to a great degree has regulated the conduct of such trustees in this state for more than forty years, and which is admitted to be good authority, the law is stated thus, on page 242, 6th ed., chap. 28: “Claims presented to the executor or administrator, and allowed by'him before the estate is declared by the court probably insolvent, need not be again presented; but will be listed and reported to the court, in like manner as if presented and allowed afterwards.” And again on page 210: “ If no commissioners are appointed by the court to audit claims, then the executor or administrator will continue to receive and allow claims, as hereinafter mentioned: ‘ And the claims allowed by the executor or administrator, before the estate was declared insolvent, and remaining unpaid, will, of course, be allowed in his report to the court of the amount of claims upon which a dividend of the assets is to be struck.’ ”
Such has been the uniform practice, so far as the members of this court are advised; and it is a rule so just and equitable in its nature, and a violation of it, in practice, without notice to those whose claims have been allowed by the adminis *47 trator or executor, would work so much injury to such innocent parties, that we think that an administrator in such a case should be held to be estopped from saying that the claim should not be paid for the reason that it was not a second time presented for allowance.
W. T. Porter, for plaintiff in error.
F. Bruner, for defendant in error.
The judgment of the court of common pleas is reversed and that of the probate court affirmed.